IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GEORGINA DOMINGUEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Case No. CIV-13-475-M |
| ) | |
| MIDWEST MAINTENANCE, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is defendant's Motion to Dismiss, filed May 9, 2013. On May 23, 2013, plaintiff filed her response, and on May 30, 2013, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.   Introduction

Plaintiff alleges that defendant committed pregnancy discrimination in violation of the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e(k). On August 15, 2012, the United States Equal Employment Opportunity Commission ("EEOC") mailed plaintiff a Dismissal and Notice of Rights ("Notice").

On September 28, 2012, plaintiff informed her counsel that the EEOC issued her Notice, and on that same date, plaintiff filed her petition against defendant in the Oklahoma County District Court, State of Oklahoma. According to plaintiff, on April 15, 2013, plaintiff's counsel obtained the physical copy of the Notice.

Subsequently, on April 19, 2013, plaintiff served defendant, and on May 9, 2013, defendant removed this matter to this Court. Defendant moves to dismiss on the grounds that plaintiff failed to show good cause for not timely serving defendant.

II.     Discussion

"[F]ederal courts in removed cases look to the law of the forum state . . . to determine whether service of process was perfected prior to removal." *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010).  Under Oklahoma law, "[i]f service of process is not made upon a defendant within one hundred eighty (180) days after the filing of the petition and the plaintiff cannot show good cause why such service was not made within that period, the action shall be deemed dismissed as to that defendant without prejudice." Okla. Stat. tit. 12, § 2004(I).  Plaintiff bears the burden to demonstrate good cause why service on the defendant was not made within the prescribed 180-day period.  *Willis v. Sequoyah House, Inc.*,194 P.3d 1285, 1289 (Okla. 2008).

In the case at bar, the Court finds that plaintiff has not demonstrated good cause for her failure to serve defendant within the 180-days prescribed under Okla. Stat. tit. 12, § 2004(I). Specifically, plaintiff was well beyond the 180-day limit because she filed her petition on September 28, 2012, but did not serve defendant until April 19, 2013.  Moreover, the Court finds that plaintiff has not shown good cause because, as of September 28, 2012, plaintiff's counsel was aware that plaintiff was issued Notice on September 28, 2012, but inexplicably delayed in obtaining a physical copy of the Notice until April 15, 2013.  The Court is further perplexed as to why plaintiff's counsel was content with filing the petition based upon plaintiff's representation that she received the Notice, but was not content with serving defendant based upon the same representation.

Therefore, the Court finds that plaintiff has not satisfied the service requirement set forth under Okla. Stat. tit. 12, § 2004(I).

III.    Conclusion

Accordingly, the Court GRANTS defendant's Motion to Dismiss [docket no. 3] and

2

DISMISSES this matter without prejudice.

**IT IS SO ORDERED this 31st day of May, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE